IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-03190-CNS
(Criminal Action No. 04-cr-00419-CNS-1)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES W. LEDFORD,

    Defendant.

## ORDER DENYING 28 U.S.C. § 2255 MOTION

This matter is before the Court on Defendant Charles W. Ledford's *pro se* Motion to Vacate Conviction (ECF No. 176), which the Court construes as a motion to vacate pursuant to 28 U.S.C. § 2255. The Court must construe the § 2255 motion liberally because Mr. Ledford is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the § 2255 motion.

On or about March 23, 2005, Mr. Ledford was charged in a Superseding Indictment, as follows:

Count 1: 18 U.S.C. § 371, Conspiracy to defraud the United States; and

Counts 2-5: 26 U.S.C. § 7201 and 18 U.S.C. § 2; tax evasion and aiding and abetting the same.

(ECF No. 157 at 1-2.)

1

On or about April 11, 2005, Mr. Ledford pleaded guilty to Count One of the Superseding Indictment, and the remaining Counts were subsequently dismissed. (*Id.* at 2.) On June 27, 2005, the Court sentenced Mr. Ledford to 24 months of imprisonment, three years of supervised release, and restitution in an amount of $506,000.00 to bear interest after release from incarceration, and the mandatory $100.00 special assessment fee. (*Id.*) The Court signed the judgment of conviction around July 5, 2005, and there was no subsequent appeal. (*Id.*)

Mr. Ledford now claims in the § 2255 motion that "[he] and the defendant were not the same entity and therefore, [he] was not a party to this action." (ECF No. 176 at 1). Mr. Ledford claims he was not provided with an identity hearing. (*Id.*) As relief, Mr. Ledford requests that his conviction be

> vacated, for expungement of the record, for an order to cease and desist for any and all restitution being deducted in this matter, for the return of all past restitution imposed and paid, for other money and other property seized and taken as a result of this case, for a jury trial to sue for my losses, and for other compensation that the Court deems appropriate.

(*Id.* at 6.)

Assuming the claims Mr. Ledford asserts in the § 2255 motion are not barred because he failed to raise the claim on direct appeal, the Court finds that the motion nevertheless must be denied because the claims are untimely.

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence. That statute provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

2

> removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Ledford's conviction became final in 2006, when the time to file a direct appeal expired. He does not contend that he was prevented by unconstitutional governmental action from filing the § 2255 motions sooner, he is not relying on a newly recognized and retroactive Supreme Court decision, and it is apparent that he could have discovered the facts supporting his claims before his conviction was final. *See* 28 U.S.C. § 2255(f)(2)-(4). Therefore, the § 2255 motion is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2255(f) is not jurisdictional and is subject to equitable tolling in appropriate extraordinary circumstances:

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period . . . Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling.

*U.S. v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (citation omitted).

Mr. Ledford bears the burden of demonstrating that equitable tolling is appropriate in this action. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008); *see also United States v. Garcia-Rodriguez*, 275 F. App'x 782, 784 (10th Cir. 2008) (relying on *Yang* for finding that the movant in a § 2255 motion bears the burden to

3

show specific facts in support of a claim of extraordinary circumstances and due diligence). "[I]t is well established that ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220 (internal quotation marks omitted).

Mr. Ledford fails to demonstrate either extraordinary circumstances or due diligence in pursuing his claims. To the contrary, in his motion he states that he did not request "a copy of the 5(c)(3) Identity Affidavit" from the United States Attorney's Office or the Clerk of the Court until July 21, 2021. (ECF No. 176 at 3-4.) Mr. Ledford fails to set forth an argument that justifies his failure to file the instant action in a timely manner. Thus, the Court finds and concludes that equitable tolling is not appropriate in this action and that, on the face of the motion to vacate, the motion is time-barred under 28 U.S.C. § 2255(f). *See Kilgore v. Estep*, 519 F.3d 1084, 1089 (10th Cir. 2008); *Rubio-Diaz v. Milyard*, 272 F. App'x 656, 656-57 & n.2 (10th Cir. 2008).

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *U.S. v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability because Mr. Ledford has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Ledford files a

notice of appeal, he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Motion to Vacate Conviction (ECF No. 176) is DENIED and DISMISSED WITH PREJUDICE as untimely.

It is FURTHER ORDERED that no certificate of appealability will issue because Mr. Ledford has not made a substantial showing of the denial of a constitutional right.

It is FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED this 15th day of December 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge