IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-03190-CNS
(Criminal Action No. 04-cr-00419-CNS-1)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLES W. LEDFORD,

    Defendant.

## ORDER

This matter is before the Court on Defendant Charles W. Ledford's pro se Response to the Judge's Order (ECF No. 180). In his Response, Mr. Ledford clarifies the relief he seeks and objects to the Court's Order Denying Defendant's 28 U.S.C. § 2255 Motion[1] (ECF No. 178).

The Court must construe the Response liberally because Mr. Ledford is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *Hall*, 935 F.2d at 1110.

**1. Defendant's Original Motion**

---

[1] Mr. Ledford captioned the motion as a "Motion to Vacate Conviction" (ECF No. 176). The Court liberally construed his motion as a motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 178 at 1). Hereinafter the Court will refer to this motion as the original motion.

1

In his original motion, Mr. Ledford claimed that "[he] and the defendant were not the same entity and therefore, [he] was not a party to this action" (ECF No. 176 at 1).  Mr. Ledford also claimed that he was not provided with an identity hearing (*id.*).  Mr. Ledford requested that his conviction be:

> vacated, for expungement of the record, for an order to cease and desist for any and all restitution being deducted in this matter, for the return of all past restitution imposed and paid, for other money and other property seized and taken as a result of this case, for a jury trial to sue for my losses, and for other compensation that the Court deems appropriate.

(*Id.* at 6).

On December 15, 2022, the Court interpreted the motion as brought pursuant to § 2255 and denied Mr. Ledford's motion with prejudice as untimely (ECF No. 178.)  Mr. Ledford now clarifies in his Response to the Judge's Order that he does not seek to obtain his freedom via § 2255, as he is "presently free" (*id.*).  Indeed, a habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Moreover, to the extent Mr. Ledford challenges his restitution, the Court does not have subject matter jurisdiction over a § 2255 claim because Mr. Ledford is not seeking release of custody.  *See United States v. Satterfield*, 218 F. App'x 794, 796 (10th Cir. 2007) ("[Applicant] cannot challenge the amount of restitution awarded by way of a § 2255 motion, however, because he is not "claiming the right to be released" from custody based on his claim.).  A district court may not entertain a collateral attack on a sentence imposed by a federal court unless the petitioner satisfies the jurisdictional "in custody" requirement § 2255. *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).  Accordingly, the Court will vacate its previous order

dismissing the § 2255 petition as untimely and will, instead, dismiss the § 2255 petition without prejudice for lack of subject matter jurisdiction.

### 2. Alternative Relief

Notwithstanding the Court's dismissal of Mr. Ledford's original motion for lack of subject matter jurisdiction, an applicant sometimes may collaterally challenge a conviction via a petition for writ of *coram nobis*. A writ of error *coram nobis* is used to attack a judgment that was infirm at the time it was issued for reasons that later came to light. While the 1946 amendment to Federal Rule of Civil Procedure 60(b) formally abolished the writ of *coram nobis* in civil cases, the Supreme Court held in *United States v. Morgan*, 346 U.S. 502 (1954), that the writ of *coram nobis* could still be pursued in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002). "A petition for a writ of *coram nobis* provides a way to collaterally attack a criminal conviction for a person, . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013). Generally, a petition for *coram nobis* relief must be brought in the court in which the petitioner was convicted. *Morgan*, 346 U.S. at 507 n.9. The Court liberally construes Mr. Ledford's Response to the Judge's Order as a petition for writ of *coram nobis*. *See Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110.

*Coram nobis* is an "extraordinary remedy" available "only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511. Before a court may grant a writ of *coram nobis*, (i) a petitioner must satisfy his burden of demonstrating that he was duly diligent in bringing a claim; (ii) all other remedies and forms of relief, including post-conviction relief under 28 U.S.C. § 2255, are unavailable or inadequate; and (iii) the requested writ either must correct

errors resulting in a complete miscarriage of justice or be under circumstances compelling such action to achieve justice. *See Embrey v. United States*, 240 F. App'x 791, 793 (10th Cir. 2007); *Klein v. United States*, 880 F.2d 250, 254 (10th Cir. 1989). The Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (alteration in original) (citations omitted).

Mr. Ledford asserts in his Response to the Judge's Order denying his original motion that his criminal case does not contain an affidavit of probable cause that is supported by oath or affirmation and does not contain documentation that particularly identifies Mr. Ledford as being the defendant in his criminal case (ECF No. 180 at 2). Mr. Ledford seeks a "**Judicial Determination** as to whether the Officers of the Court involved in [his criminal case] made fatal errors that violated [his] Constitutionally Protected Rights to **Due Process of Law**" (ECF No. 180 at 1 [emphasis in original]).

To the extent Mr. Ledford asserts a *coram nobis* petition, he fails to demonstrate due diligence in pursuing his claims. In his original motion, Mr. Ledford claimed that "[n]ew information and evidence has been uncovered" (ECF No. 176 at 1). Specifically, Mr. Ledford contended that he inspected a copy of his complete criminal case file provided to him by the Supervisory Archives Specialist at the Denver Federal Records Center (*Id.* at 4). Mr. Ledford claimed that the criminal case file does not contain a "5(c)(3) Identity Affidavit," an Identity Waiver of Hearing, or an Affidavit of Probable Cause (*id.*). However, Mr. Ledford stated that he did not request "a copy of the 5(c)(3) Identity Affidavit" from the United States Attorney's Office or the Clerk of the Court until July 21, 2021 (ECF No. 176 at 3-4)—more than fifteen years after

4

Senior District Judge Marcia S. Krieger signed the judgment of conviction on July 5, 2005 (ECF No. 133), and more than eleven years after Mr. Ledford's sentence and supervised release ended on April 1, 2010 (*see* ECF No. 142 (letter from Mr. Ledford to the Clerk of Court requesting the return of his passport due to the expiration of his supervised release)).

Moreover, Mr. Ledford fails to demonstrate or even argue that the remedy available to him under § 2255 is inadequate or ineffective. Mr. Ledford's failure to seek such relief when it was available does not render that remedy inadequate or ineffective or otherwise entitle him to some other form of collateral relief. *See United States v. Lester*, 615 F. App'x 507, 508 (10th Cir. 2015) (rejecting a petition for *coram nobis* relief because relief under § 2255 was available when the petitioner was in custody). *See also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)) ("Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective.").

Because Mr. Ledford has failed to satisfy the first two requirements to obtain a writ of *coram nobis*, the petition is denied. *See Embrey*, 240 F. App'x at 793

Accordingly, it is ORDERED that the Court's Order Denying 28 U.S.C. § 2255 Motion (ECF No. 178) is VACATED.

It is FURTHER ORDERED that, to the extent Plaintiff asserts a petition pursuant to 28 U.S.C. § 2255, the petition is DENIED and DISMISSED without prejudice for lack of subject matter jurisdiction.

It is FURTHER ORDERED that the Response to the Judge's Order (ECF No. 180), construed as a petition for writ of *coram nobis*, is DENIED.

It is FURTHER ORDERED that no certificate of appealability will issue because Mr. Ledford has not made a substantial showing of the denial of a constitutional right.

It is FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

Dated this 6th day of March 2023.

By the Court

_____
Charlotte N. Sweeney
United States District Judge